## Abstracts of Last Week's SUPREME COURT OPINIONS

### SYLLABI

### No. 324

19113—Detroit, Toledo & Ironton Railroad Co., v. John D. Rohrs. Error to the Court of Appeals of Fulton County.

427. DUTIES—It is the duty of a driver to stop, look and listen at a railroad crossing and to do so in such a manner as to make it effective.

829. NEGLIGENCE—When auto driver, upon a clear and unobstructed highway, fails to look, he is guilty of negligence.

118. AUTOMOBILES—A driver cannot recover damages when under the conditions, the only conclusion that can be drawn is, that if he had of looked he would have been apprised of his danger.

KINKADE, J.

1. It is the duty of a driver of a vehicle upon a public highway when approaching a grade crossing of a steam railroad to both look and listen for approaching trains and to do so at such time and place and in such manner as will make the looking and listening effective.

2. When such driver upon the highway has a clear and unobstructed view each way along a straight railroad track when near to and before going upon such crossing and fails, in broad daylight, to see an engine or train which is then very close to the highway and so near thereto as that if the driver of the vehicle goes ahead a collision will be inevitable, such driver is guilty of negligence in going upon the crossing at that time and under those conditions.

3. A driver of a vehicle upon a highway cannot recover damages for an injury received in a collision at a steam railroad crossing even though, he testifies that he looked and listened and neither saw nor heard anything approaching on the railroad track before going upon the crossing, when the only conclusion that can reasonably be reached upon the evidence is that there is no doubt that had he looked he must have seen the danger, that was immediately at hand in time to avoid injury.

Judgment reversed and judgment for plaintiff in error.

Marshall, CJ., Jones, and Day, JJ., concur.

### No. 325

19012—Florence Hudson Heath v. City of Cleveland. Error to the Court of Appeals of Cuyahoga County.

1271. WILLS—1. Language of a will given its ordinary legal meaning, unless contrary intention of testator appears.

2. No estate may be left in abeyance, in Ohio.

1277. WORDS AND PHRASES—"Legal heirs" used in a will, given their legal and technical meaning.

1104. STATUTES—Sec. 10580 GC. will not defeat the intention of testator clearly expressed or implied, in language of a will.

ROBINSON, J.

1. The language of a will is to be given its ordinary legal significance unless a contrary intention on the part of the testator appears from the will itself interpreted in the light of the circumstances of which testator knew.

2. Where in a will a testator uses the words "legal heirs" discriminatingly and no intention to use them otherwise is made to appear by the will, interpreted in the light of the circumstances of which the testator was cognizant, a court is not authorized to give such words a meaning other than legal and technical.

3. Where a testator in one item of a will devises land to certain of his grandchildren, the children of a daughter, designating them by name, and in another item of the will devises land to the legal heirs of a son who is living, and has living children, and in a third item devises land to three of his children "or in case of the decease of any or all of them to their legal heirs", the will itself not only discloses that he used the words "legal heirs" understandingly, but that he desired to distinguish the devise to the legal heirs of a son from the devise to the children of the daughter, designated by name.

4. An estate in land may be created by will in Ohio that will not vest until the expiration of a definite period, or the happening of some event after the death of the testator, without the creation by will of an intervening estate upon which to rest it.

5. Sec. 10580, General Code, is not effective to defeat the intention of the testator expressed or clearly implied.

Judgment reversed.

Marshall, CJ., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.

### No. 326

19058—Industrial Commission of Ohio v. Joe Phillips. Error to the Court of Appeals of Cuyahoga county.

19457—Industrial Commission v. George Hughes. Error to the Court of Appeals of Perry county.

19621—Industrial Commission v. Benjamin H. Hibbs. Error to the Court of Appeals of Tuscarawas county.

19469—J. W. Stricker v. Industrial Commission of Ohio. Error to the Court of Appeals of Carroll county.

1283. WORKMEN'S COMPENSATION—When industrial commission denies compensation on ground that employer's present physical condition is not result of injury received in course of employment, appeal lies to Common Pleas under 1465-90 GC.

DAY J.

Where the Industrial Commission denies an injured employe the right to continue to participate in the state insurance fund upon the ground that his present physical condition is not attributable to an industrial accident occurring in course of his employment, but to other causes, this is a denial upon a "jurisdictional ground going to the basis of the claimant's right" and an appeal lies from such denial to the court of common pleas pursuant to Section 1465-90 General Code.

Judgments affirmed in causes Nos. 19058, 19457 and 19621.

Judgment of the court of appeals reversed and that of the court of common pleas affirmed, in cause No. 19469.

Marshall, CJ., Jones, Matthias, Allen, Kinkade and Robinson, JJ., concur.